IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PATRICK BRENNAN,

    **Plaintiff,**

v.                                                                                   No. 12-cv-0087 SMV

CAROLYN COLVIN,[1]
Acting Comm'r of SSA,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REVERSE AND REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 21] ("MRR"), filed on June 27, 2012. The Commissioner responded on August 20, 2012. [Doc. 22]. Plaintiff replied on August 23, 2012. [Doc. 23]. The Court, having meticulously reviewed the entire record and being fully advised in the premises, FINDS that the MRR is not well-taken and should be denied.

### I.    Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on April 19, 2007. Tr. 14. The claims were denied initially and on reconsideration. *Id.* On October 15, 2007, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on July 21, 2009, before ALJ John M. Wood in Peoria, Illinois. Tr. 33. The ALJ took testimony from Plaintiff and from an impartial Vocational Expert ("VE"), Randall Harding. Tr. 33–82.

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

The ALJ issued his unfavorable decision on August 28, 2009. Tr. 14–22. He found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009, and that Plaintiff had not engaged in substantial gainful activity during the relevant time period. Tr. At 16. The ALJ also found that Plaintiff's obsessive compulsive disorder ("OCD"), anxiety disorder, and depression were severe impairments. *Id.* However, he went on to find that none of these impairments, alone or in combination, met or medically equaled any Listing.[2] *Id.* at 17.

The ALJ specifically analyzed Listings 12.04 (relating to affective disorders) and 12.06 (relating to anxiety disorders). Tr. 17–21. Both Listings identify their requirements by "Paragraphs A, B, and C." 20 C.F.R. pt. 404, subpt. P, app. 1, Listings 12.04, 12.06. In order to meet one of these Listings, a claimant must show either that he meets the requirements of Paragraphs A <u>and</u> B <u>or</u> that he meets the requirements of Paragraph C. *Id.* The ALJ found that Plaintiff did not meet the requirements of Paragraph B because he did not have "marked" limitations in activities of daily living ("ADLs"); social functioning; or concentration, persistence, or pace, and because he did not have any episodes of decompensation of extended duration. Tr. 17. The ALJ thoroughly explained his findings in these areas. He found that Plaintiff had no more than mild restrictions in ADLs, Tr. 17, 19–20, only moderate restrictions in social functioning, Tr. 17, 20, and only moderate restrictions in concentration persistence, or pace, Tr. 17, 20–21. The ALJ further found that Plaintiff did not meet the requirements of

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

Paragraph C because he could function outside of a highly structured environment and had not experienced repeated, extended episodes of decompensation. *Id.*

The ALJ went on to find that Plaintiff had "the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is capable of simple, repetitive tasks. He cannot have interaction wit[h] the general public and only occasional interaction with coworkers and supervisors." *Id.* Finally, the ALJ found that, based in part on testimony by the VE, Plaintiff was capable of returning to his past relevant work as a hand packager. Tr. 21. Ultimately, the ALJ found that Plaintiff was not disabled, as defined by the Social Security Act, and he denied his claims. *Id.*

Plaintiff requested review by the Appeals Council on October 28, 2009, Tr. 3–4, and the request was denied on February 18, 2011, Tr. 1–2. Plaintiff timely filed the instant action on January 27, 2012. [Doc. 1].

## II.     Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[3] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither

---

[3] A court's review is limited to the Commissioner's final decision. 42 U.S.C. § 405(g). If the Appeals Council denies review and does not modify the ALJ's decision, the ALJ's decision becomes the Commissioner's final decision, and the district court reviews the ALJ's decision. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (citing 20 C.F.R. § 404.981).

reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III.   Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show:

(1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her RFC, age, education, and work experience.  *Id.*

## IV.    Analysis

Plaintiff first challenges the ALJ's findings that Plaintiff is moderately—as opposed to markedly—impaired in the areas of social functioning and concentration, persistence, or pace. [Doc. 21] at 14.  Plaintiff argues that there is no evidence in the record to support the ALJ's finding.  *Id.*  The Court disagrees.  The Court finds that substantial evidence in the record supports the ALJ's findings, which, therefore, must be affirmed.  Next, Plaintiff challenges the ALJ's determination that he is capable of returning to his past work as a hand packager.  The Court is not persuaded by any of Plaintiff's arguments and will affirm the decision.

   A.   Social Functioning and Concentration, Persistence, or Pace

Plaintiff argues that the ALJ's finding of "moderate" limitations in social functioning is "contrary to the substantial evidence of record."  [Doc. 21] at 14.  In fact, he asserts that "[t]here is no evidence in the record to support the ALJ's finding that this impairment is moderate."

[Doc. 21] at 14.  The Commissioner counters that the ALJ provided a detailed analysis of the medical evidence, sufficient to allow for judicial review.  [Doc. 22] at 5, 6–9, 9–11.  She correctly points out that the question is not whether substantial evidence could support Plaintiff's preferred finding but, rather, whether substantial evidence supports the ALJ's finding.  [Doc. 32] at 9; *see Langley*, 373 F.3d at 1118.

Plaintiff also argues that the ALJ's finding of moderate limitation in concentration, persistence, or pace "is contrary to the substantial evidence of record."  [Doc. 21] at 14.  He offers evidence that he argues supports a finding of marked limitation.  [Doc. 21] at 15.  The Commissioner highlights evidence that supports the moderate limitation.  [Doc. 22] at 6–9, 9−11.  Plaintiff replies that the ALJ's "general review" of the evidence should not be linked to the Listing analysis in a separate section of the decision.  [Doc. 23] at 2.

This Court's duty is to evaluate whether substantial evidence supports the ALJ's decision, not to reweigh the evidence.  *Flaherty*, 515 F.3d at 1070.  Plaintiff is incorrect when he asserts that there is no evidence in the record to support findings of moderate limitations in the two disputed areas of functioning.  As the ALJ pointed out, one medical consultant found moderate limitation in social functioning.  Tr. 17 (ALJ's findings), 19, 20 (ALJ's review of the medical evidence relevant to this issue), 504 (medical consultant's report).  Additionally, as the ALJ cited in his decision, two medical consultants found moderate limitations in concentration, persistence, or pace.  Tr. 17 (ALJ's findings), 19, 20–21 (ALJ's review of the medical evidence relevant to this issue), 428 and 504 (medical consultants' reports).  The Court finds that this constitutes substantial evidence sufficient to support the ALJ's findings of moderate limitations

in the areas of social functioning and concentration, persistence, or pace.

Additionally, the Court rejects Plaintiff's argument that the ALJ's findings should be rejected because of their location in the decision. The opinion contains a roadmap of the findings on page 17, and then the specific evidence supporting the findings is outlined on pages 19–21. The Court finds that this method of organization is appropriate and helpful.

Finally, Plaintiff argues that the ALJ failed to complete a proper analysis on Plaintiff's alleged non-compliance with treatment. [Doc. 23] at 2 (citing *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993)). Even if Plaintiff were correct, which is not necessarily the case, the Court finds that such error would be, at most, harmless. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005) (remand to agency not required "when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step-three determination under review"). Even disregarding the ALJ's finding that Plaintiff was not compliant with his treatment, the findings of moderate limitation in the areas at issue would still be supported by substantial evidence. For example, the medical consultants' opinions support the findings of moderate limitations. *See* Tr. 428, 504. Therefore, any error in analyzing Plaintiff's non-compliance with treatment would be harmless. The Court rejects Plaintiff's arguments and affirms the findings of moderate limitations in social functioning and concentration, persistence, or pace.

B.  Ability to Return to Past Work

Plaintiff challenges the ALJ's finding that Plaintiff could return to his past work on the ground that it is not supported by substantial evidence. [Doc. 21] at 16–23. He makes five specific arguments.

First, Plaintiff argues that the ALJ did not meaningfully discuss whether Plaintiff's OCD would affect his ability to perform the duties of a hand packager, presumably because of Plaintiff's difficulty with persistence or pace. [Doc. 21] at 18. Here, the ALJ was not required to discuss how Plaintiff's OCD would affect his ability to perform the duties of hand packager. Instead, the ALJ was required to formulate an RFC, which he did. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); Tr. 17. Then, he was required to determine the demands of hand packaging and whether, in light of the RFC, Plaintiff is capable of performing those duties. *See Winfrey*, 92 F.3d at 1023; Tr. 21. The ALJ completed these tasks, as well.[4] The Court is not persuaded that the ALJ erred.

Second, Plaintiff argues that the ALJ erred in relying on the opinion of Dr. Spence, a consultative examiner, because Dr. Spence did not have the treatment records from Plaintiff's hospitalization in April of 2007. [Doc. 21] at 18–19. The Court is not persuaded for several reasons. Consultative examiners are not required to have "all" of a claimant's treatment records but only "any necessary background information about [the claimant's] condition." 20 C.F.R. §§ 404.1517, 416.917. Dr. Spence evaluated Plaintiff twice—once in March of 2005 and once in June of 2007, Tr. 322–30, 489–92—and he noted that he had received and reviewed some

---

[4] Because the ALJ completed the past-work analysis, as outlined in *Winfrey*, the Court rejects Plaintiff's belated argument to the contrary. [Doc. 23] at 3 (citing Tr. 17–21).

treatment records, namely "several counseling notes from 2006," Tr. 489.  Next, Plaintiff could have provided Dr. Spence with the treatment records himself.  Additionally, Plaintiff fails to explain how the treatment records would have made in any difference in Dr. Spence's evaluation.  Lastly, and most importantly, the non-examining consultant, Dr. Brister, who completed the July 5, 2007 Psychiatric Review Technique form—on which the ALJ relied in formulating the RFC—did have the benefit of the medical records from the April 2007 hospitalization.  Tr. 506.  There is no reversible error in Dr. Spence's not having the records from the April 2007 hospitalization.

Third, Plaintiff argues that the ALJ erred in failing to find that Plaintiff's inability to deal with work-related stress was a non-exertional impairment.  [Doc. 23] at 19–20 (citing *Campbell v. Bowen*, 822 F.2d 1518, 1524 (10th Cir. 1987); SSR 85-15).  Essentially, this is a challenge to the RFC.  Indeed, "[a]ny impairment-related limitations created by an individual's response to demands of work, however, must be reflected in the RFC assessment."  SSR 85-15.  Here, the RFC limited Plaintiff to simple, repetitive tasks and precluded him from interaction with the general public and from more than occasional interaction with coworkers and supervisors.  Tr. 17.  These portions of the RFC are consistent with the stress-related limitation that Plaintiff urges.  Accordingly, this case is distinguishable from *Campbell*, which Plaintiff cites as support for his position.  In *Campbell*, the evidence of record showed that the claimant was not capable of climbing, and the Tenth Circuit reversed and remanded because the jobs cited by the ALJ all required climbing.  822 F.2d at 1524.  In contrast, here, the limitation urged

by Plaintiff—that he cannot deal with work-related stress—is consistent with the RFC as found by the ALJ. The Court finds no error.

Plaintiff next argues that it was error for the ALJ to view Plaintiff's ADLs in "global terms, ignoring details." [Doc. 21] at 20 (citing *Krauser v. Astrue*, 638 F.3d 1324, 1333 (10th Cir. 2011)). In *Krauser*, the ALJ inaccurately summarized the claimant's ADLs and then relied on those inaccurate generalizations to find him not credible. 638 F.3d at 1332–33. For example, the ALJ found that "[i]n a typical day, the claimant stated that he . . . did yard work[.]" *Id.* at 1332. However, the Tenth Circuit pointed out that the claimant "actually said that once every week or two he spends ten to fifteen minutes working in the yard." *Id.* at 1333. The Tenth Circuit instructed that on remand the claimant's ADLs should be "considered at a more detailed realistic level." *Id.* Here, Plaintiff argues that the ALJ erred in finding that Plaintiff was "capable of performing extensive daily activities [such as] doing errands, playing on the computer, listening to the radio[,] and doing some household chooses [and finding that there was] no evidence to indicate that the claimant is incapable of performing any activity that he chooses to perform." [Doc. 21] at 20 (quoting TR. 19–20). Plaintiff explains that he reported trouble bathing due to his compulsions to pick at his own skin, [Doc. 21] at 20 (citing TR. 250); reported trouble finishing tasks on time, *id.* (citing TR. 251); fear that others will judge him, *id.* (citing TR. 251); trouble reading due to an inability to concentrate, *id.* (citing TR. 252); that his brain did not "work right," that he cannot think clearly, that he has a lot of trouble interacting with others, and that he is "out of touch with reality," *id.* at 21 (citing TR. 269); and that he has had to quit jobs for various reasons, including trouble working fast enough, feeling that he is not

treated fairly by his supervisors, or acting inappropriately, *id.* at 21–22. Unlike in *Krauser*, the evidence cited here by Plaintiff is not inconsistent with the ALJ's summary of his ADLs. The Court is not persuaded by Plaintiff's argument.

Finally, Plaintiff argues that his testimony about being able to work full time, if he had the right supervisor, "cannot form the basis for the conclusion that [he] can return to his past work." [Doc. 21] at 22–23. Of course, if that were the only basis cited by the ALJ, Plaintiff would be correct. But that is not the only basis. The ALJ also determined Plaintiff's RFC and took testimony from the VE about whether Plaintiff could perform his past work based on the RFC. TR. 21. The Court is not persuaded that the ALJ erred in relying, in part, on Plaintiff's testimony.

## V. Conclusion

Because the ALJ's findings regarding Plaintiff's social functioning; concentration, persistence, or pace; and ability to return to his past work are supported by substantial evidence, the Commissioner's final decision should be affirmed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 21] is **DENIED**. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent